1  Havila C. Unrein (SBN 290806)
   KELLER ROHRBACK L.L.P.
2  1129 State Street, Suite 8
   Santa Barbara, California 93101
3  (805) 456-1496, Fax (805) 456-1497
4  hunrein@kellerrohrback.com

5  Lynn Lincoln Sarko, *pro hac vice pending*
   Gretchen Freeman Cappio, *pro hac vice pending*
6  Daniel Mensher, *pro hac vice pending*
   KELLER ROHRBACK L.L.P.
7  1201 Third Avenue, Suite 3200
   Seattle, Washington 98101
8  (206) 623-1900, Fax (206) 623-3384
9  lsarko@kellerrohrback.com
   gcappio@kellerrohrback.com
10 dmensher@kellerrohrback.com

11 **Attorneys for Plaintiff**

12                UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
13                SAN FRANCISCO DIVISION

14 MAYA DILLARD SMITH, Individually And On
   Behalf Of All Others Similarly Situated,
15
                                         No.
16                            Plaintiff,
                                         **CLASS ACTION COMPLAINT**
17       v.
                                         DEMAND FOR JURY TRIAL
18 EXAMSOFT WORLDWIDE, INC.,
                                         Judge:
19                            Defendant.
20

21

22

23

24

25

26

27

28

No.                                           CLASS ACTION COMPLAINT

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................. 1

II.     JURISDICTION AND VENUE ......................................................................... 3

III.    INTRADISTRICT ASSIGNMENT ................................................................. 4

IV.     PARTIES ........................................................................................................... 4

V.      FACTUAL BACKGROUND ........................................................................... 4

VI.     CLASS ACTION ALLEGATIONS .............................................................. 18

VII.    CAUSES OF ACTION .................................................................................. 20

VIII.   REQUEST FOR RELIEF .............................................................................. 33

IX.     JURY TRIAL DEMANDED ......................................................................... 33

**KELLER ROHRBACK L.L.P.**
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

Plaintiff Maya Dillard Smith, individually and on behalf of all others similarly situated, alleges the following based on information and belief and the investigation of counsel.  Plaintiff believes that discovery will uncover substantial additional evidence.

## I.   INTRODUCTION

1.      Taking a bar exam is one of the most stressful professional rites of passage imaginable. Not only does it mark the final hurdle of law students' transitions from students to lawyers, the bar exam determines whether or not they are even allowed to enter their chosen profession.

2.      It is not just taking the bar exam, itself, that makes the exam process stressful.  Because of the enormous personal and professional consequences of bar exam results, exam takers expend countless hours and enormous sums of money and significant opportunity costs to study and prepare for taking the bar exam, not to mention the three years of law school education – all of which is useless without a coveted state bar number.  When exam takers arrive for the bar exam, they are already nervous about how they will perform on the test, wondering what effects this single, fateful test will have on the rest of their lives.

3.      On the long list of things about which exam takers should be worried, wondering whether they will be able to turn in their exams for grading should be at the very bottom.  It is hard to imagine anything more basic in an exam than being able to turn it in for grading.

4.      Bar exams used to be written by exam takers' own hands with pen on paper.  Now a significant portion of bar examinees write and submit their exams electronically.  To meet this need, ExamSoft Worldwide, Inc. ("ExamSoft") touts its SoftTest software as a platform that will allow bar examiners to administer bar exams in a more secure way, by shutting down all other programs on a test taker's computer.  Examinees taking the exam using SoftTest cannot access the internet, email, or other files on their computers, thus reducing their ability to cheat on the exam.  ExamSoft also purports to

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

make the bar exam more user-friendly, by allowing examinees to use their own computers to take the exam.

5.      Yet, despite claiming to provide an "easier, more secure, and more reliable way" to take the bar exam, ExamSoft made it impossible for exam takers to turn in their completed bar exams.  Bar associations across the country required exam takers who wished to take the test on their computers to buy and use ExamSoft's "SoftTest" program to take and then turn in the bar exam by uploading it via ExamSoft's systems.  The sole purpose of ExamSoft's SoftTest is to allow bar exam takers to take and then turn in bar exams to be evaluated.

6.      On July 29, 2014, as exam takers across the country and in California finished their first grueling day of the bar exam, ExamSoft's SoftTest completely failed to perform its sole function as it made it impossible for exam takers to turn in their completed exams.  Rather than studying or relaxing after the first day of the bar in preparation for the next day of the exam, exam takers were up until the early hours of the morning attempting to upload their exams.  As one exam taker explained: "Instead of detoxing and preparing for the MBE the following day, I was up until 1:00 a.m. trying and praying for my exam to go through. When I finally did get to bed, I barely got 2 hours rest because I had to be up at 5:00 a.m. to start day two of the bar.  ExamSoft hasn't even published an apology.  Each student paid $100 for this nonsense, and I'm sure they made a handsome profit.  Quite frankly, it's disgusting."[1]

7.      Not only did ExamSoft's SoftTest fail to perform its sole function, ExamSoft proved wholly incompetent and ineffectual in addressing the major collapse of its systems.  Frantic test takers from across the country were given no information, and then conflicting information, about what they were supposed to do in the face of their inability to upload their exams.  As deadlines for uploading the

---

[1] http://abovethelaw.com/2014/07/dear-examsoft-please-give-kids-their-money-back-before-the-internet-murders-you/

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

exams approached and then lapsed, exam takers were left panicked in the dark as to how to proceed, and as to whether their work would be lost or deemed too late.

8.      Not surprisingly, the thousands of exam takers who were unable to upload their exams were extraordinarily distressed.  Far from providing the stress-reducing functionality it advertised, ExamSoft added an extraordinary burden to an endeavor already fraught with stress and worry.  Indeed, as one exam taker explained, because of ExamSoft's extraordinary failure "we got heartache, stress, anxiety, and pain…It was an absolute nightmare."[2]

9.      Having created the "Biggest Bar Exam Disaster Ever"[3], ExamSoft made the situation even worse by failing to offer any effective customer service or help addressing the disaster it had created.  And, adding insult to injury, ExamSoft offered a worthless "apology," thanked exam takers for their "forbearance," and then refused to refund any exam takers' money, despite the fact that the product they had sold to the thousands of exam takers had wholly failed to perform its explicit and sole function.

## II.      JURISDICTION AND VENUE

10.      With regard to the class action claims, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d).  Plaintiff and more than two-thirds of the putative Class members are citizens of different States than ExamSoft.  Furthermore, the aggregate amount in controversy exceeds $5,000,000.

11.      This Court has subject-matter jurisdiction pursuant to 18 U.S.C. § 1332(a).  There is complete diversity of citizenship between Plaintiff and ExamSoft and the amount in controversy exceeds $75,000.

12.      This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §1331.  This Court also has supplemental jurisdiction over all other claims in this case pursuant to 28 U.S.C. § 1367.

---

[2] *Id.*
[3] http://abovethelaw.com/2014/07/bar-exam-disaster-examsoft-makes-everyones-life-hard/

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

13.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b).  A substantial portion of the events giving rise to the claims alleged in this Complaint took place within the Northern District of California.

### III.     INTRADISTRICT ASSIGNMENT

14.     Pursuant to Civil L-R 3.2(c), intradistrict assignment in San Francisco is proper because Ms. Smith resides in the County of Alameda.

### IV.     PARTIES

15.     Maya Dillard Smith is and at all relevant times was a citizen of California.

16.     Ms. Smith purchased and employed ExamSoft's SoftTest for her personal use.

17.     ExamSoft Worldwide, Inc. is a corporation existing under the law of the State of Florida with its principle place of business located at 6400 Congress Avenue, Suite 1050, Boca Raton, Florida 33487.  Defendant regularly conducts business throughout the State of California.

### V.     FACTUAL BACKGROUND

18.     Defendant ExamSoft holds itself out to the public as a maker of reliable, secure, and easy-to-use software for test administration and preparation.  ExamSoft is in the business of distributing, and/or selling its software throughout the United States.

19.     According to its website, "ExamSoft was founded in 1998 to give exam takers the convenience of using their own computers to take their exams, while providing administrators the comfort of knowing exam integrity would be maintained.  We're committed to providing the best computer-based testing technology on the market and improving the exam experience for everyone involved."[4]

---

[4] http://learn.examsoft.com/exam-taker

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

20.     Forty-two bar associations now require exam takers who wish to take the exam using a computer to purchase and use ExamSoft's SoftTest program to take and then "turn in" the exam, via uploading the completed exam through ExamSoft's systems.

21.     Exam takers may either take the bar exam using a pen and paper or spend more than $100 on ExamSoft's SoftTest for the privilege of using their own computer to take the exam.

22.     ExamSoft made explicit representations about the quality and functionality of SoftTest and supporting systems.  For example, ExamSoft claims that its software provides an "easier, more secure, and more reliable way" to take the bar exam.[5]  Additionally, ExamSoft also states that using SoftTest will "[t]ake some of the stress and fatigue out of exam day."[6]

23.     ExamSoft claims to have industry-leading IT and customer support.

24.     Exam Takers who chose to use ExamSoft's SoftTest, did so, in part, in reliance on ExamSoft's claim that its software provides an "easier, more secure, and more reliable way" to take the bar exam.[7]  ExamSoft also promotes itself to exam takers by telling them that using its software will "[t]ake some of the stress and fatigue out of exam day."[8]  In fact, a few weeks before the bar exam, ExamSoft published a "guide" to help students survive "bar exam panic mode."[9]  For exam takers already concerned about the content of the bar exam, it is understandable why such an offer to take eliminate stress from the exam day would be appealing, and would induce exam takers to choose to use ExamSoft.

25.     Exam takers who choose to use their computers for the bar exam purchased SoftTest directly from ExamSoft or via their bar associations.  The price for each use of SoftTest is approximately $125 to $150.  Exam takers then install SoftTest directly on their computers.  After being

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

used to take and upload a bar exam, ExamSoft's SoftTest no longer functions on the purchaser's computer.  Exam takers who wish to take another bar exam in the future, either because they fail or wish to establish an additional bar membership, must purchase a brand new copy of ExamSoft's SoftTest.

26.     When the bar exam begins, ExamSoft's SoftTest provides the bar exam directly to each bar exam taker.

27.     Once the exam is finished, bar exam takers are instructed to connect their computers to the internet at home or elsewhere, and then upload their completed exams to ExamSoft by specific deadlines, established by each bar association.

28.     For example, in California, bar exam takers using ExamSoft were required to upload their exams by midnight on July 31.

29.     On July 29, 2014, bar associations in 42 states administered the first day of their examinations for bar membership.  Each of these states required the use of ExamSoft's SoftTest for exam takers wishing to use their own computers, rather than a pen and paper.

30.     At the completion of the first day of the exam, Plaintiff and Class Members left their testing facilities and connected their computers to the internet at home or elsewhere and attempted to upload their exams.  Chaos ensued as Plaintiff and Class Members who had just spent a grueling day answering bar exam questions were unable to upload their completed exams to ExamSoft.

31.     When Plaintiff and Members of the Class sought help from ExamSoft's technical support, they either heard a busy signal or, after finally reaching customer support after hours of calling, were given conflicting, unhelpful, and unsuccessful suggestions on how to solve the problem.  ExamSoft told some Members of the Class to "manually" upload the files, which did not solve the problem or allow Class Members to upload their exams.  ExamSoft told other Class Members not to worry about the bar associations' deadlines for submission, because it "assured" those Class Members "that this delay in

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

uploading your answer files did not impact the answer file content."[10]  This unconvincing "reassurance" did nothing to ameliorate the situation or allow Class Members to put an end to the first day of the bar exams by turning in their exams.  To still others Class Members, ExamSoft merely said it was sorry, and then did nothing.  In short, despite claiming to have the "industry-leading support you need, when you need it,"[11] ExamSoft was wholly unprepared to prevent or address the complete collapse of its product.  ExamSoft failed to live up to its representation to Plaintiff and the affected Class Members.

32.    Demonstrating just how unprepared ExamSoft was for the ensuing chaos, ExamSoft posted a string of confusing and incomplete notices to examinees on its FaceBook page.  Attached as Exhibit A to this Complaint is a print out of ExamSoft's FaceBook posts during its system meltdown.  In post after post ExamSoft tells examinees that various bar associations have moved deadlines as a result of ExamSoft's system meltdown, but fails to respond to the many questions about states whose deadlines were not moved or about which ExamSoft remained maddeningly silent.  The FaceBook post inserted here is typical of ExamSoft's inability to efficiently or coherently respond to the mess it created.



**ExamSoft Worldwide, Inc.**
July 29

To PA Bar Applicants only: Your upload deadline has been extended until TOMORROW (7/30) at 600pm. If possible, please attempt to upload tomorrow. Thank you for your patience, more information will be forthcoming.

Like · Comment

Victoria Montano likes this.

**Will Clarke** WHAT ABOUT SOUTH CAROLINA??? Get it together.
2 · July 29 at 6:50pm

**Anne McCarthy** What about Colorado?
July 29 at 7:52pm

View 1 more comment

---

[10] http://abovethelaw.com/2014/07/dear-examsoft-please-give-kids-their-money-back-before-the-internet-murders-you/
[11] http://learn.examsoft.com/flexible-reliable-secure-exam-delivery

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

33.     As the bar association deadlines for uploading the completed exams approached, and still ExamSoft had not fixed the problems or provided any effective customer support to exam takers, Class Members across the country took to Twitter, Facebook, and other media to vent their anger, confusion, and panic, a selection of which are included below and in exhibits A, B, C & D attached hereto:





34.     Regardless of whether or when Class Members were able to upload their exams, they had to return the next day to complete the second day of their bar exams.  For many Class Members, ExamSoft's complete failure meant that rather than studying or relaxing after the first day of the exam and preparing for the second, they were frantically attempting to upload their answers, contact

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

ExamSoft's support, and figure out whether they were going to fail the bar exam because of ExamSoft's product failure.

35.     When Class Members demanded a refund from ExamSoft, they were told that "We do not plan on administering any refunds, for we have a very strict no refund policy."[12]  ExamSoft has still not refunded Plaintiff's or Class Members' money.

36.     In short, ExamSoft was neither an "easier, more secure, and more reliable way" to take the bar exam,[13] nor did it "[t]ake some of the stress and fatigue out of exam day."[14]  Instead, it was wholly unreliable, added enormous amounts of stress to the bar exam, and seriously interfered with Plaintiff's and Class Members' ability to complete their bar exams.  ExamSoft's SoftTest wholly failed to perform the sole purpose for which it was advertised and the only task for which Class Members purchased the software.

37.     ExamSoft sold Class Members a wholly defective product as it failed to perform its sole task: allowing Class Members to complete and turn in their bar exams.  Had Members of the Class known ExamSoft would have failed to allow them to upload their exams by the deadlines, or unreasonably delayed their ability to upload their exams, they would not have chosen to purchase and rely on ExamSoft's SoftTest and supporting systems.

38.     On information and belief, ExamSoft had exclusive knowledge of the defect in its software and related systems.  These facts are not known to Plaintiff or Class Members.  ExamSoft's exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which it failed to perform.

---

[12] http://abovethelaw.com/2014/07/dear-examsoft-please-give-kids-their-money-back-before-the-internet-murders-you/
[13] http://learn.examsoft.com/exam-takers
[14] *Id.*

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

39.     ExamSoft knew and was aware, or should have known and been aware, before marketing and selling its SoftTest software for use in taking and uploading bar exams, that the software and supporting systems were inherently defective and contained significant design defects at the time they were marketed and sold.  For example, ExamSoft knew or should have known how many people had purchased SoftTest to take the Summer 2014 bar exams, and thus should have known whether its software and supporting systems could handle receiving and processing that many exams.

40.     Indeed, in a letter to law school deans across the country, ExamSoft's own CEO stated, "This week's overall exam volume was almost the same as last year's and lower than other weekly periods for final exams, so the volume itself was not the challenge."[15]

41.     In response to the ExamSoft meltdown, the Dean of the Northwestern School of Law called on ExamSoft to take responsibility:

> [T]here was unquestionably a serious toll taken on the students in their wholly understandable anxiety and worry, perhaps even panic –clearly consequences of the technological problems resulting from your internal systems, just as you note below.
>
> For that reason, it is striking to me that in your boilerplate note [referenced in the paragraph above], there is no indication that you are making any refunds to any bartaker. Nor is there any indication that you are planning to make financial recompense that would be a tangible, important acknowledgment of what, at the very least, was a serious problem that resulted from technological problems within the scope of control of ExamSoft.[16]

---

[15] http://deansblog.law.northwestern.edu/2014/08/05/barmaggedon-and-its-examsoft-aftermath/
[16] *Id.*

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

42.     As a result of ExamSoft's failures and the defects in its software and supporting systems, even when operated as instructed and intended, SoftTest failed to perform its sole function.  ExamSoft nonetheless failed to warn its customers of the defects inherent in its software and supporting systems.

43.     As a result of the defects in ExamSoft's SoftTest and supporting systems, Plaintiff and Class Members purchased a worthless product.  As SoftTest failed to allow Class Members to upload their Summer 2014 bar exams – the sole purpose for which Members of the Class purchased SoftTest – it is wholly useless to Class Members.  And, for the reasons detailed above, ExamSoft knew or should have known that its misrepresentations and misleading information concerning software and services would significantly inflate the value of the software.  Had Plaintiff and Class Members known about the design defects inherent in SoftTest and its supporting systems, they would not have chosen to purchase and use ExamSoft or SoftTest.

44.     ExamSoft has profited, directly and indirectly, by concealing the nature of the defects in its software and supporting systems.  ExamSoft has profited from its misrepresentations in numerous ways, including but not limited to, (a) selling its software, (b) selling its software at a premium price; and (c) from entering into contracts with bar associations that require future bar exam takers to purchase ExamSoft software if they wish to use a computer, rather than pen and paper, to take the exam.

45.     Despite the reasonable expectations ExamSoft created in bar exam takers through its marketing of its exam software, ExamSoft has engaged in the following wrongful, but routine, course of conduct, where ExamSoft:

A.     Designed, produced, and sold SoftTest and supporting systems that caused the problems detailed above;

B.     Failed to disclose that SoftTest and its supporting systems had fundamental flaws that caused the problems described above;

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

C.     Continued to represent explicitly or implicitly that the software Plaintiff and Class Members purchased was dependable and would function properly on the one day on which Plaintiff and Class Members could or would use the software and supporting systems, when it knew or should have known these statements and representations were false;

D.     Continued to distribute, and sell SoftTest to consumers when it knew or should have known the software and supporting systems were not dependable and would suffer the problems described above under normal usage and operation;

E.     Failed to disclose to consumers that the defects would, or the substantial risk that these defects could, result in the problems described above;

F.     Failed to disclose the nature of the defects to consumers;

G.     Failed to have any contingency plan in place to prevent or at least address SoftTest's and ExamSoft's supporting systems failures in an efficient and effective manner;

H.     Failed to disclose to consumers that ExamSoft is not committed ensuring it has adequate support staff or IT personnel to deal with software and system failures in a reasonable, effective, and efficient way;

I.     Failed to take action to correct its omissions or false or misleading express representations about the use, efficacy, qualities, and benefits of its SoftTest software and supporting systems; and

J.     Failed to disclose that despite following all instructions, consumers would still suffer the problems described above.

46.     By engaging in the foregoing course of conduct, ExamSoft has caused consumers—including Plaintiff and Class Members—to be aggrieved and suffer ascertainable losses, in that, among other things, ExamSoft's conduct systematically:

A.     Caused Plaintiff and Class members to pay for a defective and/or worthless product;

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

B.     Rendered the SoftTest software useless to Plaintiff and Class members, as it failed to perform its sole function;

C.     Caused reasonable consumers like Plaintiff and Class members to spend critical time attempting to make ExamSoft's software and systems operate properly, rather than preparing for the second day of their bar exams;

D.     Caused reasonable consumers like Plaintiff and Class members to suffer real and profound emotion distress that affected their ability to prepare for and take the second and third days of the California Bar Exam.

47.     All jurisdictional prerequisites have been and/or are hereby satisfied by and through the filing and service of this Complaint.  Moreover, in light of the overwhelming number of complaints bar exam takers have made directly to ExamSoft, bar associations, and on social media and other internet fora, and ExamSoft's refusal to resolve the problems described above effectively or refund money to Plaintiff and Class Members, any additional pre-suit notice or complaints to ExamSoft would have been futile.

**Plaintiff Maya Dillard-Smith's Experience At The 2014 California Bar Exam Using ExamSoft**

48.     Ms. Smith graduated from University of California, Hastings School of Law, in San Francisco, California in May 2014.

49.     Ms. Smith has spent much of her professional career working in and around the legal profession.  Ms. Smith is a two-term, senate-appointed member of the California Commission on Judicial Performance, where she chairs the Rules Committee.  She worked for the Ninth Circuit and the California Supreme Court.  She also served as senior advisor to the Mayor of San Francisco and Director of Violence Prevention for the City and County of San Francisco from 2007 to 2009.  After spending over 12 years being a leader in state and local government, she decided to become a lawyer in order to increase her ability to advocate on behalf of others.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

50.     To say that Ms. Smith has a lot riding on the outcome of the bar exam is a gross understatement.

51.     Ms. Smith decided to use her computer to take the bar exam for several reasons, including ExamSoft's claims that it would make taking the bar exam "more reliable" and "less stressful."

52.     Ms. Smith commenced the bar exam on July 29, 2014, and after finishing a full and grueling day of writing essays, she, along with her fellow exam takers, was told to leave the testing facility and find a place at which she could connect her computer to the internet, and then upload her exam to ExamSoft.

53.     When Ms. Smith left the testing facility, she went to home and connected her computer to the internet.  She then attempted to upload her exam to ExamSoft.  She was unable to do so.  Instead of accepting her bar exam, ExamSoft's website continually returned an error message to Ms. Smith, telling her that her essays would not upload.  This was not only frustrating but worrisome.  It was unclear if the problem was that SoftTest had failed to save her essays properly, or if the problem lay with ExamSoft's support systems and servers.

54.     After finding herself unable to upload her essays, Ms. Smith looked online to see if others were experiencing similar problems.  It was then she discovered that ExamSoft was in the midst of a nation-wide failure.

55.     While Ms. Smith found some modest consolation knowing that thousands of others were in the same boat with her, she was nevertheless outraged by ExamSoft's failure to provide a product and supporting systems that operated as advertised, particularly on this day, one of the most stressful and important of her life.  To add injury to injury, Ms. Smith had paid nearly $150 for the privilege of using SoftTest.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

56.     After attempting to upload her essays one more time, Ms. Smith decided she would wait and focus on preparing for the second day of her exam, hoping that SoftTest and her computer would properly store her essays until then.

57.     Ms. Smith was finally able to upload her July 29 essays on July 30th.

58.     After uploading her essays on July 30, Ms. Smith thought her troubles with ExamSoft were over.  She could not have been more incorrect.

59.     On July 31, during the third day of the bar exam, Ms. Smith was again using ExamSoft's SoftTest to type answers to her essays.  To her horror, SoftTest suddenly began deleting her words, one after the other, until it had erased over 1500 words of her essay.

60.     As her fellow bar examinees around her and multiple proctors witnessed, Ms. Smith attempted to stop the program from deleting her essay, but could do nothing to stop it.

61.     It was as if Pac Man had been unleashed on her exam, eating each word, one after the next, slowly consuming the answers for which she had spent years preparing to write.

62.     After deleting more than 1500 words of her essay, SoftTest then popped up a window which asked if she was sure she wanted to delete these words.  Ms. Smith repeatedly pressed the "no" button, but the same window would then pop back up, asking her if she was sure she wanted to delete the material.  At this point, the software was essentially frozen, and Ms. Smith had no essay and a non-functioning computer.

63.     SoftTest purports to save backup copies of all essays routinely.  As a result, Ms. Smith attempted to prevent SoftTest from saving a copy of the deleted file.  She was unable to do so, and SoftTest would not let her open any earlier-saved version.

64.     ExamSoft had no technical support on site to deal with SoftTest's failure.

65.     As Ms. Smith sat at her desk, staring at her blank SoftTest screen, a proctor handed her a stack of paper and a pen, and told her that she had better start writing.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

66.     Ms. Smith is a remarkably strong and collected person.  In the time remaining, she took her pen and paper and furiously recreated her now-deleted answers, in outline form, in an attempt to capture as many points as she could.

67.     When the morning essay session ended, the exam takers who witnessed Ms. Smith's ordeal approached her to tell her their disbelief at what happened, and how shocked they were that Ms. Smith was able to remain as cool as she did under the extraordinary pressure.

68.     It was then, outside of the heat of the battle, that Ms. Smith lost her composure.  She was overwhelmed with feelings of anger that someone else's error might cost her admission to the California bar.  She was furious that after having spent so much of her life preparing for this moment, she could be denied her goal because of a software defect that ate her bar exam.  And she was miserable at the thought that she would have to take the bar exam again.

69.     Somehow, Ms. Smith gathered her thoughts together over the lunch break, and taking her trusty pen in her hand, she spent the remainder of the day finishing her essays.

70.     As the day ended, unlike the first day of the bar exam, Ms. Smith was able to hand in a stack of paper with her answers firmly written down in ink.

71.     Because there was no ExamSoft technical support onsite, California Bar Association staff told her that she had to contact ExamSoft to retrieve any saved information on SoftTest.

72.     Because Ms. Smith knew the final saved version of her essays written on SoftTest were missing more than 1500 words, she did not attempt to upload the answer to ExamSoft.

73.     Yet in an ironic and terrifying twist, when Ms. Smith finally connected her computer to the internet three days later, SoftTest inexplicably connected to the ExamSoft servers and uploaded her essay that was missing the 1500 plus words.

74.     Ms. Smith contacted ExamSoft on July 31, during the lunch break immediately following the loss of her essay.  She spoke with ExamSoft employee Adam Katz, who told Ms. Smith to call back

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

at the end of the day to find a solution.  Ms. Smith did not speak with Mr. Katz, however, until the following day.

75.    Ms. Smith explained to Mr. Katz the situation and how SoftTest had eaten her exam.  Mr. Katz explained to Ms. Smith that there might be earlier versions of her essay that could be retrieved. Ms. Smith asked that ExamSoft attempt to retrieve these files, but was told they would not do so.

76.    Finally, ExamSoft put Ms. Smith in touch with Erin Washburn, ExamSoft's Software Operations Manager.  On the phone, she told Ms. Smith that while SoftTest does save multiple versions of the essays, ExamSoft would not release whatever versions it might have.  ExamSoft claimed its "policies" prevented them from making such earlier version available to the examinee.  Ms. Washburn reiterated this policy in an email, in which she wrote:

> ExamSoft will not open any working exam files or final answer files without a direct request from an authorized representative of the State Bar of California.  As you have stated to several ExamSoft representatives, you believe that content may be missing from the final answer file and you would therefore like to upload an earlier version of the exam file.  In order to determine which file contains the content that you wish to upload we would need to open the encrypted files on your computer and allow you to view the answer content to then direct us on which file to upload.  As I stated on the phone this is against our policy.

77.    Ms. Smith was confounded.  Why would ExamSoft save prior versions of her exam if it would not release those answers?

78.    Determined to salvage what might remain of her essays, Ms. Smith contacted the California Bar Association, and after explaining her situation was told that there are thousands of other people in California who took the bar exam, many of whom also had problems with SoftTest, and so she would simply have to wait until the Bar was able to get to her problem, and work it out with ExamSoft.

79.    Today, Ms. Smith has no idea whether the essays she wrote on the third day of the exam exist, and if they do, what they might contain.  She has no idea if she may fail to pass the bar exam because of ExamSoft's extraordinary failure.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

80.     She does know that ExamSoft's product, product support, and ability to address failures are wholly inadequate, and made her bar exam taking experience an absolute nightmare.

81.     ExamSoft – by it complete failure to provide adequate software, supporting systems, and customer service – caused Ms. Smith and her fellow bar examinees extraordinary, wholly unnecessary, and avoidable stress and considerable emotional distress.

## VI.     CLASS ACTION ALLEGATIONS

82.     This matter is brought by Plaintiff on behalf of herself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3).

83.     The Class that Plaintiff seeks to represent is defined as follows:

All persons who purchased or employed ExamSoft's SoftTest for use in the Summer 2014 bar exam.

84.     The Subclass that Plaintiff seeks to represent is defined as follows:

All persons within the State of California who purchased or employed ExamSoft's SoftTest for use in the California Summer 2014 bar exam.

85.     Unless specifically noted below, Plaintiff brings all claims on behalf of the Class.

86.     **Numerosity/Impracticability of Joinder:** The members of the Class are so numerous that joinder of all members would be impractical.  The proposed Class likely contains thousands of members.  The precise numbers of members can be ascertained through discovery, which will include ExamSoft's sale and other records.

87.     **Commonality and Predominance:** There are common questions of law and fact that predominate over any questions affecting only individual members of the Class.

88.     For Plaintiff and the Class, the common legal and factual questions include, but are not limited to the following:

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A.      Whether ExamSoft's SoftTest and supporting systems are materially defective and what are the defects;

B.      Whether ExamSoft knew, or should have known, that SoftTest and supporting systems were and are materially defective;

C.      Whether ExamSoft omitted and concealed material facts from its communications and disclosures to Plaintiff and the Class regarding the defects inherent in the software and supporting systems;

D.      Whether ExamSoft has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices with the sale of its software;

E.      Whether ExamSoft violated California and/or other consumer protection statutes;

F.      Whether ExamSoft has been unjustly enriched;

G.      Whether, as a result of ExamSoft's conduct, Plaintiff and the Classes have suffered damages; and if so, the appropriate amount thereof; and

H.      Whether as a result of ExamSoft's misconduct, Plaintiff and the Class are entitled to equitable and declaratory relief, and, if so, the nature of such relief.

89.     **Typicality:** The representative Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all the members of the Class have been injured by the same wrongful practice of ExamSoft.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

90.     **Adequacy:** Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained class counsel who are experienced and qualified in prosecuting class actions.  Neither Plaintiff nor her attorneys have any interests contrary to or in conflict with the Class.

91.     **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member are too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Further, individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and the court system because of multiple trials of the same factual and legal issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  In addition, ExamSoft has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

92.     Plaintiff does not anticipate any difficulty in the management of this litigation.

93.     ExamSoft has, or has access to, address and/or other contact information for the Members of the Class, which may be used for the purpose of providing notice of the pendency of this action.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Asserted on Behalf of Plaintiff and the Class**
**Magnuson – Moss Act (15 U.S.C. §§ 2301, *et seq.*)—Implied Warranty**

94.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

**KELLER ROHRBACK L.L.P.**
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

95.     Plaintiff asserts this cause of action on behalf of themselves and the other members of the Class.

96.     This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 2301(3).

97.     ExamSoft's SoftTest software is a "consumer product," as that term is defined in 15 U.S.C. § 2301(1).

98.     Plaintiff and Class Members are "consumers," as that term is defined in 15 U.S.C. § 2301(3).

99.     ExamSoft is a "warrantor" and "supplier" as those terms are defined in 15 U.S.C. § 2301(4) and (5).

100.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied warranty.

101.    ExamSoft provided Plaintiff and Class Members with "implied warranties," as that term is defined in 15 U.S.C. § 2301(7).

102.    ExamSoft has breached these implied warranties as described in more detail above. Without limitation, ExamSoft's SoftTest and supporting systems are defective, as described above, which resulted in the problems and failures also described above.

103.    By ExamSoft's conduct as described herein, including ExamSoft's knowledge of the defects inherent in the software and supporting systems and its action, and inaction, in the face of the knowledge, ExamSoft has failed to comply with its obligations under its written and implied promises, warranties, and representations.

104.    In its capacity as a warrantor, and by the conduct described herein, any attempts by ExamSoft to limit the implied warranties in a manner that would exclude coverage of the defective

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

software and systems is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective the software and supporting systems is null and void.

105.    All jurisdictional prerequisites have been satisfied.

106.    Plaintiff and members of the Class are in privity with ExamSoft in that they purchased the software directly from ExamSoft.

107.    As a result of ExamSoft's breach of implied warranties, Plaintiff and the Class members are entitled to revoke their acceptance of the software, obtain damages and equitable relief, and obtain costs pursuant to 15 U.S.C. § 2310.

## SECOND CAUSE OF ACTION
### Asserted on Behalf of Plaintiff and the Subclass
### Violations of California's Consumers Legal Remedy Act, Cal. Civ. Code §§ 1750, *et seq.*

108.    Plaintiff, a resident of California, incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

109.    California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. makes it unlawful to engage in unfair methods of competition and unfair or deceptive acts or practices intended to result, or which results, in the sale or lease of goods or services to any consumer.

110.    Plaintiff and the Subclass were, and continue to be, at all times material to the Complaint, "consumers" and "persons" as defined by the Cal. Civ. Code § 1761.  Plaintiff, as well as the Subclass, purchased and/or paid for ExamSoft for personal and/or family and/or household use.

111.    As alleged throughout this Complaint, ExamSoft engaged in unfair, deceptive, and/or unlawful marketing in violation of Civ. Code § 1770(a) by representing to the Subclass that SoftTest was an "easier, more secure, and more reliable" way to take the bar exam.[17]  ExamSoft made uniform representations that its SoftTest was of a particular standard, quality, or grade when it was not, and, as

[17] http://learn.examsoft.com/exam-takers

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

set forth above, made unfair, deceptive, and/or unlawful statements regarding the capacity and characteristics of SoftTest.

112.    Specifically, ExamSoft has violated the following proscribed practices pursuant to Cal. Civ. Code § 1770(a) with the purpose of inducing Plaintiff and the Subclass to purchase and/or use ExamSoft:

113.    § 1770(a)(5): ExamSoft represented to Plaintiff and the Subclass that its product had characteristics, uses, or benefits that it does not have.  Specifically, ExamSoft represented to Plaintiff and the Subclass that its SoftTest software and its supporting technology works and would allow them to upload their bar exams in a reasonably and timely manner.  ExamSoft concealed and/or failed to disclose that SoftTest and its supporting systems have a design and/or capacity defect and that the defects had the capacity to, and did in fact, prevent Plaintiff and the Subclass from uploading their bar exams in a reasonable and timely manner.

114.    § 1770(a)(7): ExamSoft represented to Plaintiff and the Subclass that SoftTest was of a particular standard, quality, or grade when it was of another.  In this regard, ExamSoft represented that SoftTest and its associated technology was reliable when, in fact, the technology failed to allow Plaintiff and the Subclass to timely and reasonably upload their bar exams.

115.    ExamSoft's concealment and misrepresentations regarding the reliability and attributes of SoftTest and its associated technology was a material omission/misstatement that would cause a consumer to believe, incorrectly, that the ExamSoft technology would function in a timely and reasonable manner.

116.    Plaintiff was exposed to and/or relied upon ExamSoft's unfair, deceptive, and/or unlawful marketing practices.  The Subclass was uniformly exposed to ExamSoft's material omissions/misstatements regarding the supposed benefits of ExamSoft and whether the ExamSoft technology would function in a timely and reasonable manner.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

117.     Plaintiff and the Subclass lost money and incurred significant, unreasonable stress as a result of ExamSoft's unfair, deceptive, and/or unlawful marketing practices pursuant to Cal. Civ. Code § 1770(a), through the purchase of SoftTest that was unlawfully advertised and marketed in violation of Cal. Civ. Code § 1770(a).

118.     The conduct described herein by ExamSoft is continuing.  Plaintiff will promptly demand the conduct cease in a Consumer Legal Remedies Act letter.  The conduct was done for profit as a deliberate corporate policy rather than an isolated incident, and was morally wrong, callous, and/or oppressive.

119.     As a result of ExamSoft's violations of the California's Consumer Legal Remedies Act, Plaintiff seeks an order of this Court permanently enjoining ExamSoft from perpetrating its unfair, deceptive, and/or unlawful marketing practices.  If ExamSoft does not take action to cease its unfair, deceptive, and/or unlawful marketing practices within thirty (30) days of being served with her notice letter, Plaintiff will seek leave to amend this Complaint to request, in addition to an order enjoining ExamSoft from continuing its unfair, deceptive, and/or unlawful practices, an order awarding, *inter alia*, Plaintiff and the Subclass actual damages, restitution, attorneys' fees and costs, and for such other relief as set forth below.

120.     Plaintiff reserves the right to amend this Complaint to seek punitive damages.

## THIRD CAUSE OF ACTION
### Asserted on Behalf of Plaintiff and the Subclass
### Violations of California's Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200, *et seq.*

121.     Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

122.     California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.  California's Unfair Competition Law is interpreted broadly and provides a cause of action for

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

any unlawful, unfair, or fraudulent business act or practice. Any unlawful, unfair, or fraudulent business practice that causes injury to consumers falls within the ambit of California's Unfair Competition Law.

123.    ExamSoft engaged in substantial advertising and marketing of its ExamSoft product and associated services within the State of California.

124.    Because of ExamSoft's unlawful and unfair business practices, Plaintiff and the California Subclass were misled into purchasing and/or using ExamSoft's SoftTest product on the California Bar Exam. Plaintiff relied, to her detriment, on ExamSoft's false representations, detailed above, that ExamSoft would perform reliably as represented when it did not. The California Subclass was uniformly exposed to ExamSoft's unlawful and unfair business practices.

**FOURTH CAUSE OF ACTION**
**Asserted on Behalf of Plaintiff and the Class**
**Breach of Contract**

125.    Plaintiff repeats and realleges each and every allegation contained above as if it were fully set forth herein.

126.    In order to purchase and use SoftTest, Plaintiff and the Class had to entered into a contract with Defendant, whereby they would pay Defendant money and Defendant agreed to provide software and related support systems that would allow for the reliable and timely uploading of bar exam answers.

127.    Defendant materially breached this contract by failing to provide a product that reliably and timely uploaded Plaintiff's and the Class's bar exams. Plaintiff and the Class fully performed their portion of the contract by paying Defendant the listed sale price for SoftTest.

128.    As a direct and proximate result of Defendant's misconduct and breach of contract, Plaintiff and the Class suffered harm in the form of monies paid. Plaintiff and the Class did not receive the benefit of the bargain for which they contracted and paid money.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

**FIFTH CAUSE OF ACTION**
**Asserted on Behalf of Plaintiff and the Class**
**Negligence**

129.    Plaintiff repeats and realleges each and every allegation contained above as if it were fully set forth herein.

130.    Plaintiff and the Class paid Defendant to use its product to take the California bar exam and timely upload their exams for evaluation.

131.    By accepting payment from Plaintiff and the Class, Defendant assumed a duty to operate its product and supporting systems in a commercially reasonable manner with sufficient security, reliability, and capacity to handle the foreseeable demand and use of SoftTest and related support systems.

132.    Defendant failed to maintain and operate its systems in a manner sufficient to provide Plaintiff and the Class the ability to upload their exams in a timely and reliable manner as promised. Instead, Defendant's software and supporting systems were wholly insufficient to handle the advertised use of the software and supporting systems.  Despite knowing precisely how many people would be using SoftTest and the supporting systems for bar exams across the country on the same day, Defendant did not have the capacity to deal with the known and expected use of its software and support systems.

133.    By failing to operate and maintain its systems as described above, Defendant's conduct was negligent and departed from all reasonable standards of care.

134.    As a direct and proximate result of Defendant's failure to exercise reasonable care and sufficiently operate and maintain its software and supporting systems, Defendant could not handle Plaintiff and the Class's attempts to upload their bar exams and thereby failed to follow through on its representations and promises to timely and reliably upload exams.

135.    Defendant's failure was reasonably foreseeable in that Defendant was fully aware of how many people would be using ExamSoft's software and supporting systems to take and then upload bar

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

exams across the country on the same day, because Plaintiff and the Class had purchased and registered SoftTest well in advance of the day of the exam.

136.     Neither Plaintiff nor the Class contributed to Defendant's failures.

137.     As a direct and proximate result of Defendant's negligence described above, Plaintiff and the Class were injured because they suffered a critical and substantial failure in their functional use of Defendant's product and support systems for which they paid substantial sums of money, and suffered stress, anxiety, and emotional distress.

**SIXTH CAUSE OF ACTION**
**Asserted on Behalf of Plaintiff and the Class**
**Negligent Misrepresentation**

138.     Plaintiff repeats and realleges each and every allegation contained above as if it were fully set forth herein.

139.     Defendant made misrepresentations of material fact when it represented that its exam-taking software, SoftTest, and its attendant support programs would allow Plaintiff and the Class Members to easily upload their exam answers, thereby reducing the already considerable stress associated with taking the bar exam.

140.     Upon information and belief, Defendant had no reasonable grounds for believing that representation to be true, as it alone knew its software and supporting systems were incapable of operating as represented.  Defendant knew exactly how many exam takers would be uploading exam answers at the end of each day of the Summer 2014 exam, and thus knew or should have known whether its software and supporting systems would or could operate as represented.

141.     Defendant, as alleged above, made that representation with intent to induce Plaintiff's and the Class Members' reliance on the fact misrepresented, by convincing them that by spending up to $150 on SoftTest they would relieve some of the stress attendant with taking the bar exam.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

142.    Because only Defendant knew exactly how many exam takers planned to upload answers following the Summer 2014 exam, Plaintiff and the Class Members were ignorant of the truth regarding SoftTest and justifiably relied on Defendant's misrepresentations.

143.    As a result of Defendant's misrepresentation and Plaintiff and Class Members' justifiable reliance on it, Plaintiff and Class Members have suffered damages: they endured the historic failure of Defendant's product and support systems for which they paid substantial sums of money, and suffered stress, anxiety, and emotional distress.

### SEVENTH CAUSE OF ACTION
### Asserted on Behalf of Plaintiff Only
### Negligence

144.    Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

145.    Plaintiff brings a cause of action for negligence against ExamSoft.

146.    ExamSoft has a duty to exercise reasonable care in the design, formulation, manufacture, sale, promotion, supply and/or distribution of the SoftTest product and associated technology, including the duty to assure the product is as functional as it is promoted.

147.    ExamSoft was negligent in the design, manufacture, testing, advertising, marketing, promoting, supply, and sale of SoftTest in that it:

A.    Misled Plaintiff by suggesting that ExamSoft would function in a reasonable and timely manner;

B.    Negligently designed ExamSoft in a way that it knew or should have known would fail when used as intended to upload bar exams by thousands of users;

C.    Recklessly, falsely, and/or deceptively represented or knowingly omitted, suppressed, or concealed  material facts regarding the functionality of SoftTest, including the fact that it could literally eat Plaintiff's words as she wrote her bar exam;

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

D.      Was otherwise careless, negligence, grossly negligent, reckless, and acted with willful and wanton disregard for Plaintiff's rights and well-being.

148.    Despite the fact that ExamSoft knew or should have known that SoftTest had the ability to malfunction on a massive scale, ExamSoft continued to market and sell SoftTest to consumers, including Plaintiff.  ExamSoft knew that SoftTest users, including Plaintiff, would suffer reasonably foreseeable injuries, including emotional distress and unreasonable stress both during the exam and in its aftermath, as a result of its failure to exercise reasonable care.

149.    Had ExamSoft told Plaintiff it sold a dysfunctional product and technology, Plaintiff would never have purchased ExamSoft, would not have suffered emotional distress and unreasonable stress both during the exam and in its aftermath.

150.    As a direct and proximate result of ExamSoft's negligence, misrepresentations, and recklessness, Plaintiff has suffered significant damages.  Accordingly, Plaintiff seeks an order of this Court:

A.      Awarding Plaintiff compensatory damages;

B.      Awarding Plaintiff all appropriate damages for the injury she sustained while suffering from SoftTest's failure to function including, *inter alia*, pain and suffering, emotional distress, anguish, shock, stress, and mental suffering;

C.      Imposing exemplary / punitive damages against ExamSoft;

D.      Awarding costs and reasonable attorneys' fees; and

E.      Providing for such other relief as set forth below.

**EIGHTH CAUSE OF ACTION**
**Asserted on Behalf of Plaintiff Only**
**Negligent Misrepresentation**

151.    Plaintiff repeats and realleges each and every allegation contained above as if it were fully set forth herein.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

152.    Defendant made misrepresentations of material fact when it represented that its exam-taking software, SoftTest, and its attendant support programs would allow Plaintiff to type her exam answers without losing her work and to easily upload her responses, thereby reducing the already considerable stress associated with taking the bar exam.

153.    Upon information and belief, Defendant had no reasonable grounds for believing those representations to be true as it alone knew that its software suffered from fundamental flaws, exposing users to the likelihood of losing their work.  Similarly only Defendant knew the flaws in its software and support systems and exactly how many exam takers would be uploading exam answers at the end of each day of the Summer 2014 exam, including Plaintiff.

154.    As alleged above, Defendant made its representations with intent to induce Plaintiff's reliance on the facts misrepresented, by convincing Plaintiff that by spending approximately $100 on SoftTest so that she would relieve some of the stress attendant with taking the bar exam.

155.    Because only Defendant knew the flaws in its software and support systems and exactly how many exam takers planned to upload answers following the Summer 2014 exam, Plaintiff was ignorant of the truth regarding SoftTest and justifiably relied on Defendant's misrepresentations.

156.    As a result of Defendant's misrepresentation and Plaintiff's justifiable reliance on it, Plaintiff has suffered damages: she endured the historic failure of Defendant's product and support systems for which they paid substantial sums of money, and suffered stress, anxiety, and emotional distress.  To this day, she does not know whether her exam answers were complete and fully uploaded.

### NINTH CAUSE OF ACTION
### Asserted on Behalf of Plaintiff Only
### Breach of Express Warranty

157.    Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

158.    Plaintiff brings a cause of action against ExamSoft for breach of express warranty.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

159.    ExamSoft made numerous representations, descriptions, and promises to Plaintiff regarding the functionality and benefits of ExamSoft and its related technology.

160.    ExamSoft, however, knew or should have known that its representations, descriptions, and promises regarding SoftTest's functionality were false.  ExamSoft was aware of the number of software packages it sold to Plaintiff and other purchasers.

161.    Plaintiff reasonably relied on ExamSoft's representations in purchasing and using SoftTest.  SoftTest, however, did not perform as was warranted.  SoftTest was dysfunctional and did not work as advertised, failing to reasonably and timely upload her exam answers, and even literally eating Plaintiff's words as she tried to type her exam answers.  Accordingly, ExamSoft breached its express warranty by providing a product containing defects that were never disclosed to the Plaintiff.

162.    As a direct and proximate result of ExamSoft's false and misleading representations and warranties, Plaintiff suffered significant damages.  Accordingly, Plaintiff seeks an order of this Court:

A.    Awarding Plaintiff compensatory damages;

B.    Awarding Plaintiff all economic and non-economic damages for the personal injury she sustained while suffering from ExamSoft's failures;

C.    Imposing exemplary/punitive damages against ExamSoft;

D.    Awarding costs and reasonable attorneys' fees; and

E.    Providing for such other relief as set forth below.

### TENTH CAUSE OF ACTION
### Asserted on Behalf of Plaintiff Only
### Breach of Implied Warranty

163.    Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

164.    Plaintiff brings a cause of action against ExamSoft for breach of implied warranty.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

165.    ExamSoft made numerous representations, descriptions, and promises to Plaintiff regarding the functionality of ExamSoft's SoftTest product and its related technology.

166.    Plaintiff reasonably relied on ExamSoft's representations in purchasing and employing SoftTest.

167.    As set forth throughout this Complaint, ExamSoft knew that its representations, descriptions and promises regarding SoftTest were false.

168.    When Plaintiff purchased SoftTest, it did not conform to the promises or affirmations of fact made in SoftTest's promotional materials, including that the software would provide an "easier, more secure, and more reliable way" to take the bar exam.  Instead of reducing stress, the SoftTest product amplified Plaintiff's stress enormously both because it literally ate her words as she typed her exam answers, and because it proved impossible to upload her answers in a timely and reasonable way.

169.    Accordingly, SoftTest failed to conform to ExamSoft's implied warranty regarding its functionality.

170.    As a direct and proximate result of ExamSoft's false and misleading representations and warranties, Plaintiff suffered significant injury when ExamSoft made her bar taking experience miserable in every way – from causing inordinate stress and suffering during the upload process after day one, and during the "Pac Man" episode described above, where the software literally ate her words as she struggled to save her work without success.  Accordingly, Plaintiff  seeks an order of this Court:

A.    Awarding Plaintiff compensatory damages;

B.    Awarding Plaintiff economic and non-economic damages for the injury she sustained while using SoftTest;

C.    Imposing exemplary/punitive damages against ExamSoft;

D.    Awarding costs and reasonable attorneys' fees; and

E.    Providing for such other relief as set forth below.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101

## VIII.   REQUEST FOR RELIEF

Plaintiff, individually and on behalf of all others similarly situated, requests judgments against ExamSoft as follows:

A.      For an order certifying the Class and Subclass, under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), and appointing Plaintiff as representative of the Class and Subclass, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class and Subclass;

B.      Declaring ExamSoft's advertising false and misleading;

C.      Permanently enjoining ExamSoft from performing further unfair and unlawful acts as alleged herein;

D.      For all recoverable compensatory, statutory, and other damages sustained by Plaintiff and Classes, including disgorgement, unjust enrichment, and all other relief allowed under applicable law;

E.      Granting Plaintiff and Classes awards of restitution and/or disgorgement of ExamSoft's profits from its unfair and unlawful marketing of its software;

F.      For costs;

G.      For both pre-judgment and post-judgment interest on any amounts awarded;

H.      For appropriate injunctive relief;

I.      For treble damages insofar as they are allowed by applicable laws;

J.      For appropriate individual relief as request above;

K.      For payment of attorneys' fees and expert fees as may be allowable under applicable law; and

L.      For such other and further relief as the Court may deem proper.

## IX.   JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 7th day of August, 2014.

KELLER ROHRBACK L.L.P.

By */s/ Havila C. Unrein*
    Havila C. Unrein (SBN 290806)
    hunrein@kellerrohrback.com
    1129 State Street, Suite 8
    Santa Barbara, California 93101
    (805) 456-1496, Fax (805) 456-1497

    Lynn Lincoln Sarko, *pro hac vice pending*
    Gretchen Freeman Cappio, *pro hac vice pending*
    Daniel Mensher, *pro hac vice pending*
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, Washington 98101
    (206) 623-1900, Fax (206) 623-3384
    lsarko@kellerrohrback.com
    gcappio@kellerrohrback.com
    dmensher@kellerrohrback.com

**Attorneys for Plaintiff**